No. 47,207

Union National Bank of Wichita, a national banking corporation, *Appellee*, v. F. C. Brungardt, *Appellant*.

(522 P. 2d 371)

Opinion filed May 11, 1974.

*Lelyn J. Braun,* of Braun & Nyswonger, of Garden City, was on the brief for the appellant.

*Richard A. Loyd* and *Robert L. Heath,* of Jochems, Sargent & Blaes, of Wichita, were on the brief for the appellee.

*Per Curiam:* This is an appeal from an order denying the appellant's counterclaim in an action to collect the deficiency balance remaining on a promissory note.

On July 26, 1971, the appellant, F. C. Brungardt, executed a promissory note for $29,150.58 payable to the appellee, Union National Bank of Wichita. The indebtedness was secured by a security agreement pledging 15,850 shares of International Plastics, Inc., stock. There was one renewal represented by a new note dated October 26, 1971, retaining the original security.

On January 14, 1972, ten days prior to the maturity date, the appellant was notified by letter that the loan had reached an unsatisfactory margin position and that renewal at maturity would require a $9,000 reduction in principal and payment of accrued interest. In a reply the appellant requested the loan be renewed for the full amount, and indicated that he would try to sell the stock for less than $3.00 per share, the value which he initially placed on it. The bank denied the request, and on January 25, 1972, notified appellant that he must pay $9,000 to reduce the principal or upon default the stock would be sold. No payment was made.

On February 18, 1972, after the note was in default, appellant was notified the appellee would proceed with a piecemeal sale of the stock at 1⅞ths ($1.875) or above. This is the letter upon which the appellant bases his counterclaim. The brokerage firm of B. C. Christopher & Company was unable to sell the stock at the price of $1.875, and the certificates were returned by the broker to the bank. The stock was then given to the brokerage firm of Mick, Stack and Smartt and sold for $1.70 per share. The pro-

ceeds were applied to the indebtedness, leaving a deficit balance of $1,653.45, plus accrued interest.

The bank sued to collect the deficiency. The appellant confessed judgment on the petition, but counterclaimed that the appellee's letter of February 18, 1972, formed a contract to sell the stock at 1⅞ths per share, which would have extinguished the principal and most of the accrued interest.

The district court found there was no agreement modifying the terms of the security transaction and denied relief to the appellant on his counterclaim. The sole point on appeal is whether the district court erred in finding the correspondence did not reflect an enforceable agreement.

Neither the promissory note nor the security agreement contained any restrictions on the sale of the collateral upon default. The district court found the bank's last letter was merely a notice to the appellant of its intention to sell the stock to liquidate the debt. The only legal limitation on the bank was that the collateral be disposed of in a commercially reasonable manner. (K. S. A. 84-9-504 [3].) The propriety of the bank's action is not challenged.

The district court was correct. There was no meeting of the minds to support the claim of a contract for the sale of the stock at a specified amount. (*Fast v. Kahan,* 206 Kan. 682, 481 P. 2d 958.) Even if the bank's letter constituted a declaration on its part to sell the stock for no less than $1.875 per share, it was entirely unilateral and not supported by a consideration.

The judgment of the court below is affirmed.